

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JAJ:CHB  *271 Cadman Plaza East*
F.#2008R01389  *Brooklyn, New York  11201*

January 31, 2011

**By ECF & Hand-Delivery**

The Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  United States v. Dennis Benn
>      Criminal Docket No. 08-CR-581 (DLI)

Dear Judge Irizarry:

The government submits this letter in advance of the defendant's sentencing and in response to the defendant's sentencing letter, which was filed on January 25, 2011.  For the reasons stated below, the government submits that a significant sentence is appropriate in this case.

I.      Background

This case involves a conspiracy to import multiple kilograms of cocaine into the United States from Trinidad using FedEx packages.  See Presentence Investigation Report ("PSR") at ¶¶ 2-5.  In July 2007, law enforcement agents conducted a controlled delivery of one of those packages in Brooklyn, arrested two individuals, and recovered various documents related to the conspiracy, including documents identifying the defendant as one of the co-conspirators.  The defendant fled from the United States immediately after his co-conspirators were arrested following the controlled delivery.  The defendant was directly responsible for the importation of at least five FedEx packages that each contained approximately one kilogram of cocaine.

      In August 2008, the defendant and Dexter Renaud were indicted for various offenses based on their roles in the conspiracy, including conspiring to import more than five kilograms of cocaine. The government then began proceedings to arrest and extradite them from Trinidad. See PSR at ¶ 6. In October 2008, the defendant was arrested in Trinidad. In January 2009, a court concluded that he was subject to extradition, and the defendant did not challenge that ruling and was extradited to the United States in March 2009.

      Shortly after the defendant was extradited to the United States, the government became aware that the defendant suffered from Crohn's disease, a serious disease that affects the digestive tract. See PSR at ¶¶ 37-40. The defendant's medical condition caused significant hardship and difficulties during the course of his incarceration. See Docket Entries #11, #15, #26, #29, #31, #33.

II.      The Defendant's Plea

      In March 2010, the defendant pleaded guilty pursuant to a plea agreement with the government to a lesser-included offense of conspiring to import at least 500 grams of cocaine, an offense which carries a five-year statutory mandatory minimum sentence. The plea agreement calculated the defendant's advisory sentencing range under the Guidelines to be 87-108 months' imprisonment. The range was predicated on the defendant being in Criminal History Category I and a base offense level of 30, see U.S.S.G. § 2D1.1(c)(5); a two-point upward adjustment based on the defendant's role in the conspiracy, see U.S.S.G. § 3B1.1(c); and a three-point adjustment based on the defendant's timely guilty plea, see U.S.S.G. § 3E1.1.

III.     The Presentence Investigation Report & Recommendation

      In August 2010, the Probation Department prepared a presentence investigation report. That report confirmed that the defendant's applicable advisory sentencing range under the Guidelines was 87-108 months' imprisonment. See PSR ¶ 55. The report further noted the defendant's medical condition. See PSR ¶¶ 37-40.

      In connection with the report, the Probation Department further prepared a sentence recommendation which proposed a sentence of imprisonment of 72 months, 15 months less than the bottom-end of the applicable Guideline range. The recommendation noted that the defendant's physical health was a mitigating

factor that supported a sentence below the applicable Guideline range.  <u>See</u> Recommendation at 1-2.

The Probation Department further prepared an addendum to the PSR.  That addendum noted a minor revision to the factual recitation in the PSR.  The addendum also included additional information regarding the defendant's medical treatment while he was incarcerated, including seven admissions to the hospital.

IV.     <u>The Defendant's Sentencing Arguments</u>

By memorandum submitted on January 25, 2011, the defendant requests that the Court sentence him to the statutory mandatory minimum term of imprisonment of 60 months.  In support of this below-Guideline sentence, the defendant notes that the Probation Department had already recommended that he receive a below-Guideline sentence of 72 months' incarceration based on his serious medical condition.  The defendant contends that the seriousness of his medical condition warrants an even greater downward departure or variance pursuant to 18 U.S.C. § 3553(a).  The defendant further contends that the statutory mandatory sentence is appropriate because he spent several months in custody in Trinidad prior to his extradition to the United States and that the conditions of that confinement were particularly harsh.  In support of this argument, the defendant submitted an affidavit detailing the conditions of his confinement in Trinidad as well as a report from the U.S. Department of State which confirms that there is "extreme overcrowding" at the facility where the defendant was in custody.

V.      <u>The Government's Response</u>

The defendant played a significant role in a significant drug-importation conspiracy which brought approximately five kilograms of cocaine into the United States in July 2007.  A significant sentence is therefore appropriate.  Nevertheless, the defendant is correct that a downward adjustment or variance from the Guidelines may be appropriate based on the defendant's serious medical condition.  Although such departures are generally confined to situations in which the Bureau of Prisons is unable to treat the defendant's condition, <u>see</u> <u>United States v. Persico</u>, 164 F.3d 796, 806 (2d Cir. 1999), the defendant's PSR and addendum demonstrate that the defendant has been repeatedly hospitalized during the course of his pre-sentence custody and that, while the Bureau of Prisons is managing his condition, they have not been able to do so without numerous and frequent hospitalizations.  In addition, as the defendant points out in his submission, the Second Circuit has

held that exceedingly harsh conditions during pre-trial confinement in a foreign country may support a downward departure or non-Guideline sentence, see <u>United States v. Carty</u>, 264 F.3d 191 (2d Cir. 2001), and the government is not in possession of any information to dispute or confirm the defendant's claims of the severity of his custody in Trinidad.  The government notes also that the defendant's pre-trial confinement in Trinidad was due at least in part to his flight from the United States immediately after the arrest of his co-conspirators in July 2007.

VI.     <u>Conclusion</u>

For the reasons stated above, the government submits that a significant term of incarceration is appropriate in this case.

                                        Respectfully submitted,

                                        LORETTA E. LYNCH
                                        United States Attorney

By:     _____/s/_____
       Carter Burwell
       Assistant U.S. Attorney
       (718) 254-6313

cc:     John Wallenstein, Esq.